**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case 1:19-cv-03157-PAB-STV

WENDELL H. STONE COMPANY, INC., individually and on behalf of all others similarly situated,

        Plaintiff,

v.

FIVE STAR ADVERTISING, LLC, a Colorado limited liability company, and JOHNNY LEE, an individual,

        Defendants.

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**I.    INTRODUCTION**

This case challenges Defendants Five Star Advertising, LLC's ("Five Star") and Johnny Lee's ("Lee") (collectively "Defendants") widespread violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act"), specifically Defendants' practice of sending unsolicited fax advertisements. Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company ("Plaintiff" or "Stone") filed its Class Action Complaint on November 6, 2019, but, to date, Defendants have failed to appear or otherwise respond. As such, Plaintiff now moves for class certification based upon the well-pleaded allegations and the facts of record.

Plaintiff's claims satisfy each requirement for class certification under Rule 23: the proposed Class is sufficiently numerous, common questions of law and fact are present,

Plaintiff's claims are typical of those of the class members, and Plaintiff and its counsel are adequate representatives. Finally, the common issues predominate over individual issues and a class action is the superior method for resolving the claims at issue, as it would be impracticable and inefficient to require each class member to litigate his/her/its claims separately when they can be resolved on a class wide basis.

> Consequently, the Court should certify the following Class:
>
> All persons who (1) on or after November 6, 2015, (2) were sent, by Defendants or on Defendants' behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom Defendants claim they obtained prior express permission or invitation to send those faxes in the same manner as Defendants claim they obtained prior express consent to fax the Plaintiff.

(Compl. ¶ 33.) As explained below, the Class meets the requirements of Rule 23(a) and of Rule 23(b)(2) and (b)(3) and should be certified.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant Five Star is a limited liability company organized and existing under the laws of the State of Colorado. (Compl. ¶ 2.) Defendant Lee is an individual residing in the State of Colorado. (*Id.* ¶ 3.) Lee is the only registered member of Five Star. (*Id.* ¶ 28.) To market their products and services (namely clothing and apparel), Defendants sent unsolicited fax advertisements *en masse*—a plain violation of the JFPA. (*Id.* ¶¶ 8-9.) In sending the faxes at issue, Defendants failed to include any language informing consumers of their right to opt-out of receiving future faxes. (*Id.* ¶ 27; *see* "Five Star Fax," a true and accurate copy of which is attached as Exhibit A to the Complaint.) And Defendants do not have any prior established business relationship with the persons they fax. (*Id.* ¶ 23.)

In Plaintiff Stone's case, it received at least one fax from Defendants that advertised

Defendants' products and services, namely their clothing and apparel. (Compl. ¶¶ 18-22; *see also* Five Star Fax.) Stone never consented to receive any faxes from Defendants, nor does Stone have any prior business relationship or dealings with Defendants. (*Id.* ¶ 23.) Further, absent any functioning opt-out mechanism, Stone is at the mercy of Defendants regarding the future receipt of faxes. (*Id.* ¶¶ 25-27.)

Plaintiff filed its Class Action Complaint on November 6, 2019. (Dkt. 1.) On December 12, 2019, Plaintiff obtained service on Five Star, via its agent for service of process (dkt. 12), as well as on Defendant Lee personally (dkt. 13), placing the Defendants' joint deadline to answer or otherwise plead at January 2, 2020. To date, Defendants have failed to appear, respond, or contact Plaintiff's counsel. On January 29, 2020, the Clerk of Court entered default against Five Star. (Dkt. 17.) On February 5, 2020, the Clerk of Court entered default against Lee. (Dkt. 20.)

Based on the well-pleaded allegations and facts of record, the Court should certify the Class.

### III.   ARGUMENT

"As a threshold matter, entry of default does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages." *Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L(NLS), 2015 WL 12434306, *2 (S.D. Cal. Jan. 26, 2015). "As such, 'relief cannot be granted to a class before an order has been entered determining that class treatment is proper.'" *Id.* (citation omitted). Following the entry of default, "the well-pleaded allegations in the complaint are deemed admitted." *Shaw v. Vircurex*, No. 18-CV-00067-PAB-SKC, 2019 WL 2636271, at *2 (D. Colo. Feb. 21, 2019). This includes class related factual allegations. *See Jackson v. Paycron Inc.*, No.

819CV00609WFJAAS, 2019 WL 2085430, at *2 (M.D. Fla. May 13, 2019) (citation omitted) ("'[a] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact,' including specifically allegations relating to the prerequisites for class certification under Federal Rule 23.").

To be sure, courts routinely certify classes despite a defendant's failure to appear. *See, e.g., In re Industrial Diamonds Antitrust Litig.*, 167 F.R.D. 374, 386-87 (S.D.N.Y. 1996) (certifying a class action against General Electric Company and DeBeers following DeBeers' default); *Whitaker v. Bennett Law*, PLLC, No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) (certifying a class action despite the defendant's refusal to appear). Indeed, "any other conclusion might give defendants an incentive to default in situations where class certification seems likely." *Saade v. Insel Air*, No. 17-22003-CIV, 2019 WL 2255580, at *2 (S.D. Fla. Apr. 4, 2019) (citing *Leider v. Ralfe*, No. 1:01-CV-3137 HB FM, 2003 WL 24571746 (S.D.N.Y. Mar. 4, 2003), report and recommendation adopted in part, No. 01 CIV. 3137 (HB), 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003)) (emphasis added).

As explained below, class certification should be granted because the alleged Class meets all of the standards for certification here.

### A. The Alleged Class Meets Each Of The Requirements Of Rule 23(a).

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231 (1997). Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that

4

there are common questions of law and fact among the class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

Here, Plaintiff seeks certification under both Rule 23(b)(2) and 23(b)(3). Rule 23(b)(2) requires a plaintiff to show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate…." Fed. R. Civ. P. 23(b)(2). That inquiry is separate from that used to decide certification under Rule 23(b)(3), which mandates that the common questions predominate over any questions affecting only individual members and that the class mechanism be superior to other available methods for fairly adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

As explained further below, the proposed Class meets all of the requirements of Rules 23(a), (b)(2), and (b)(3), and should therefore be certified.

### 1. Numerosity is met here.

Numerosity is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A proponent of certification need not identify the exact number of class members to satisfy numerosity; rather, the moving party must "produce some evidence or otherwise establish by reasonable estimate the number of class members who may be involved." *Rex v. Owens*, 585 F.2d 432, 436 (10th Cir. 1978); *see* Newberg on Class Actions § 3:5, 243-46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all

class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). In conducting the analysis, precision isn't required, nor is hard data. *See, e.g., Neiberger v. Hawkins*, 208 F.R.D. 301, 313 (D. Colo. 2002) (court may use common sense when determining whether joinder is impractical.) Applied here, as the allegations of the Complaint are admitted, Defendants concede that they sent the same or substantially similar fax advertisements to thousands of class members. (Compl. ¶¶ 36-37.) Consequently, the proposed class satisfies the numerosity requirement.

### 2. The Class shares common questions of law and fact.

Rule 23(a) next requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality prong, the representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). The claims don't need to be identical. Rather, "[e]ven a single question of law or fact common to the members of the class will satisfy the commonality requirement." *Id.* at 2557 (citation omitted).

Plaintiff and the Class share multiple common issues of law and fact, including whether: (1) Defendants sent them unsolicited fax advertisements; (2) Defendants' fax advertised the commercial availability of property, goods, or services; (3) Defendants sent the faxed advertisements knowingly; (4) Defendants violated the JFPA; (5) the faxes contained a proper opt-out notice; (6) the Defendants should be enjoined from sending unsolicited fax advertisements in the future; (7) the Class is entitled to statutory damages; and (8) the Class is entitled to trebled damages. (*See* Compl. ¶ 38.) Because the Class is limited to individuals to

whom Defendants sent at least one unsolicited fax advertisement that was "substantially similar to Exhibit A" (*Id.* ¶ 33), the litigation will answer for everyone whether the faxes were unlawful. In short, the case will produce common questions of law and fact for all class members.

### 3. Plaintiff's claims are typical.

Stone's claims are also typical. *See* Fed. R. Civ. P. 23(a)(3). "Typicality insures that the class representative's claims resemble the class's claims to an extent that adequate representation can be expected." *Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*, No. 09-CV-02757-WYD-KMT, 2012 WL 1378531, at *11-12 (D. Colo. Apr. 20, 2012), *aff'd*, 765 F.3d 1205 (10th Cir. 2014). Typicality "does not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members." 5 NEWBERG ON CLASS ACTIONS, § 24.25 (3d ed. 1992); *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982) (citing *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 340 (10th Cir. 1975) ("courts have consistently ruled that even though it appears that the named plaintiffs have not suffered discrimination, this fact does not prevent them from representing the class") (citations omitted)). "So long as there is a nexus between the class representatives' claims or defenses and the common questions of fact or law which unite the class, the typicality requirement is satisfied." *Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378 (D. Colo. 1993) (citation omitted).

Here, Defendants subjected Plaintiff and the Class to a nearly identical course of conduct. Defendants sent unsolicited fax advertisements *en masse* to Plaintiff and the Class in violation of the JFPA. (Compl. ¶ 8.) And Defendants faxed the same or substantially similar fax to every class member. (*Id.* ¶ 33.) Further, Defendants treated Plaintiff the same as every other class member. (*Id.* ¶ 39.) It is important to recall that the faxes were sent only to Persons who

7

supposedly gave permission or invitation to be faxed the same way that Stone supposedly gave permission to be faxed. Thus, if Plaintiff proves that this method of permission was insufficient to provide consent under the TCPA, then Defendants violated the JFPA with respect to everyone. As such, the Court should find that the requirement of typicality is satisfied.

### 4. Plaintiff and counsel are adequate representatives.

Rule 23(a) also requires that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc.*, 117 S.Ct. at 2250. "The adequacy inquiry in the Tenth Circuit focuses on two questions: (i) whether the named plaintiffs and their counsel have any conflicts with other class members; and (ii) will the named plaintiffs and their counsel vigorously prosecute the action on behalf of the class." *Belote v. Rivet Software, Inc.*, No. 12-CV-02792-WYD-MJW, 2013 WL 2317243, at *3 (D. Colo. May 28, 2013). Both requirements are met here.

Neither Plaintiff nor its counsel has any conflict with the class members. (*See* Compl. ¶ 40.) Further, to date, Plaintiff and proposed class counsel have spent significant time and resources in the investigation and prosecution of this action. Proposed class counsel also have experience litigating class actions, including class actions under the TCPA, and they have the resources necessary to conduct litigation of this nature. (*See* Firm Resume of Woodrow & Peluso, LLC, attached hereto as Ex. A.) As such, Plaintiff and its counsel will continue to adequately represent the Class.

Therefore, the Court should find this requirement is met and appoint Patrick H. Peluso and Taylor T. Smith of Woodrow & Peluso, LLC as Class Counsel, and Plaintiff Stone as the

Class Representative.

### B. The Proposed Class Meets The Requirements Of Rule 23(b)(2).

Once Rule 23(a) is satisfied, the inquiry turns to Rule 23(b). In this case, Plaintiff seeks certification under both Rule 23(b)(2) and (b)(3). Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "[T]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted.'" *Dukes*, 131 S. Ct. 2541 at 2557. In a Rule 23(b)(2) action, "plaintiff[] must establish 'cohesiveness among class members with respect to their injuries.'" *Kurlander v. Kroenke Arena Co., LLC*, 276 F. Supp. 3d 1077, 1084 (D. Colo. 2017).

In this case, Defendants subjected Plaintiff and the Class to a uniform course of conduct. Defendants sent unsolicited fax advertisements that marketed their products and services to thousands of individuals with whom it had no prior business dealings or consent. (Compl. ¶¶ 6-10, 41.) Defendants also uniformly failed to apprise recipients of their ability to opt-out of receiving future faxes, as required by the JFPA. (*See Id.*, Ex. A.) And Defendants' default means they admit they've acted and refused to act in the same or similar manner with respect to Plaintiff and all class members. (*Id.* ¶ 41.) Therefore, an injunction against transmitting faxes without permission will apply to and benefit the entire class uniformly. Certification under Rule 23(b)(2) is therefore appropriate.

### C. The Proposed Class Meets The Requirements Of Rule 23(b)(3).

Certification is also warranted under Rule 23(b)(3), which provides that a class action

may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

### 1. Common questions of law and fact predominate.

"The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016). "When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3).'" *Id.* (citation omitted).

Here, Plaintiff and the Class were subjected to an identical course of conduct insofar as Defendants sent unsolicited fax advertisements to class members with whom they didn't have any prior business relationship and the faxes uniformly failed to apprise class members of their right to opt-out as required by the JFPA. (Compl. ¶¶ 6-10; 25-27.) The common questions of whether their faxes were solicited and whether they contained lawful opt-out language predominate over any potential issues affecting individual members of the proposed Class. (*Id.* ¶ 42.) As such, the claims are subject to common proof, and no individualized issues exist to defeat predominance under Rule 23(b)(3).

### 2. A class action is superior to any other method of adjudication.

Finally, Rule 23(b)(3) requires that the class action mechanism be superior to other available methods for adjudicating the controversy. Fed. R. Civ. P 23(b)(3). Factors pertinent to this inquiry include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and; (D) the likely difficulties in managing a class action.

*Id.* "The Tenth Circuit has noted that 'class treatment is superior [when] it will achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Morris v. Davita Healthcare Partners, Inc.*, 308 F.R.D. 360, 375 (D. Colo. 2015) (quoting *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1096 (10th Cir. 2014)).

JFPA cases are well-suited for class treatment. Plaintiff seeks statutory damages in the amount of $500 per violation—a small amount that renders individual suits prohibitively expensive. Further, maintaining a class action in this case would be manageable and superior to any other method of adjudication. (Compl. ¶ 42.) And individualized trials would also put a strain on courts and waste judicial time and resources. (*Id.*) Predictably, courts routinely certify classes for violations of the JFPA regularly. *See Tech Instrumentation Inc. v. Eurton Elec. Co. Inc.*, No. 16-CV-2981-MSK-KMT, 2018 WL 3382914 (D. Colo. May 29, 2018) (certifying a JFPA class); *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2014 WL 7366255, at *9 (S.D. Fla. Dec. 24, 2014) (certifying a JFPA class and noting, "TCPA classes are routinely certified as class actions[.]"); *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 191 (E.D. Pa. 2014) (certifying a JFPA class noting, "each individual class member are small—at most $1500 per violation—it is unlikely that the class members have interest in individually controlling the prosecution of separate actions.").

Therefore, the Court should find that a class would be superior here.

## IV.  CONCLUSION

Plaintiff respectfully requests that the Court certify the Class, appoint Patrick H. Peluso and Taylor T. Smith of Woodrow & Peluso, LLC as Class Counsel, appoint Plaintiff Stone as Class Representative, and award such additional relief as it deems necessary, reasonable, and just.

Respectfully,

Dated: April 14, 2020

WENDELL H. STONE COMPANY, INC., individually and on behalf of all others similarly situated,

/s/ Taylor T. Smith
One of Plaintiff's Attorney

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Stephen A. Klein
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

The undersigned hereby certifies that compliance with Local Rule 7.1 is not feasible because Defendants have refused to appear or respond to this action in any manner.

/s/ Taylor T. Smith

## CERTIFICATE OF SERVICE

    I, Taylor T. Smith, hereby certify that on April 14, 2020, I served a true and accurate copy of the above titled document by first-class U.S. Mail, postage prepaid, and properly addressed to the following parties:

Five Star Advertising, LLC
6247 El Diente Peak Pl.
Castle Rock, CO 80108

Johnny Lee
6247 El Diente Peak Pl.
Castle Rock, CO 80108

                                                                  /s/ Taylor T. Smith