IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-03157-PAB-STV

WENDELL H. STONE COMPANY, INC, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FIVE STAR ADVERTISING, LLC, and
JOHNNY LEE,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Plaintiff's Motion for Class Certification [Docket No. 21] filed on April 14, 2020. The defendants have not entered an appearance or filed a response. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

This case arises out of the receipt of unsolicited facsimile ("fax") advertisements. Plaintiff alleges that defendants sent unsolicited fax transmissions in violation of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act of 2005 ("JFPA"), 47 U.S.C. § 227. Docket No. 1 at 2, ¶ 4; 3, ¶ 8. Plaintiff alleges that defendant Johnny Lee ("Lee"), a natural person residing in Castle Rock, Colorado, is the only registered member of defendant Five Star Advertising, LLC ("Five Star"), a limited liability company with its principal office at 6247 El Diente Peak Place, Castle

Rock, Colorado. Docket No. 1 at 2, ¶ 2; 5, ¶ 28. Plaintiff states that on October 1, 2019, defendants transmitted a fax advertisement to plaintiff. *Id.* at 4, ¶ 18. Plaintiff states that the fax advertised defendants' goods or products, it was part of defendants' work or operations in marketing defendants' goods or products, plaintiff never invited or gave permission to defendant to send the advertisement fax, and the fax did not contain an opt-out provision as required by 47 U.S.C. § 227. *Id.* at 4, ¶¶ 20-21, 23; 5, ¶ 27. Plaintiff states "[o]n information and belief" that defendants faxed the same unsolicited advertisement to 40 other recipients without receiving the recipients' permission or invitation. *Id.* at 5, ¶ 24. Plaintiff states that defendant Lee has personal oversight of Five Star and the drafting and implementation of the fax advertisements and Five Stars' policies regarding the JFPA. *Id.* at 5, ¶¶ 29-30, 32.

Plaintiff seeks to certify a class consisting of

> [a]ll persons who (1) on or after four years prior to the filing of this action, (2) were sent, by [d]efendants or on [d]efendants' behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom [d]efendants claim they obtained prior express permission or invitation to send those faxes in the same manner as [d]efendants claim they obtained prior express consent to fax the [p]laintiff.

*Id.* at 6, ¶ 33. The proposed class excludes judicial officers presiding over this action and their family members; defendants, their subsidiaries, parents, successors, predecessors, and any entity in which defendants or their parents have a controlling interest; defendants' current or former employees, officers and directors; plaintiff's attorneys; persons who opt-out from the class; the legal representatives, successors or assigns of any person who opts-out; and persons whose claims against defendants have been fully adjudicated. *Id.* ¶ 34. Plaintiff estimates that the number of class

members is "in the thousands." *Id*. ¶ 37.

Neither defendant has made an appearance in this case. On January 29, 2020, the Clerk of Court entered default as to Five Star, Docket No. 17, and on February 5, 2020, the Clerk of Court entered default as to Johnny Lee. Docket No. 20. On April 14, 2020, plaintiff filed a motion to certify the class. Docket No. 21.

**II. ANALYSIS**

As an initial matter, the Court notes that the entry of default does not prevent the Court from certifying the proposed class. "[A] clerk's entry of default does not change the analysis that a district court must undertake in deciding whether to certify a class because any other conclusion might give defendants an incentive to default in situations where class certification seems likely." *Yarger v. Fresh Farms, LLC*, 2020 WL 4673229, at *5 (D. Kan. Aug. 12, 2020) (quoting *Lehman v. Calls After Hours, LLC*, 2019 WL 8405591, at *1 (N.D. Ohio Aug. 16, 2019)); *see also Heinz v. Dubell Lumber Co.*, 2020 WL 1030785, at *1 (D.N.J. Mar. 3, 2020) ("the Clerk's entry of default in this case is no barrier to the certification of [p]laintiff's proposed class") (citing *Fayun Luo v. Qiao Xing Universal Res.*, 2017 WL 2470248, at *2 (D.V.I. June 6, 2017) (granting class certification where defendant failed to appear and clerk entered default); *Skeway v. China Natural Gas, Inc*., 304 F.R.D. 467, 472 (D. Del. 2014) (explaining that "any other conclusion might give defendants an incentive to default in situations where class certification seems likely" (internal quotation omitted)).

After an entry of default, "the well-pleaded allegations in the complaint are deemed admitted." *Shaw v. Vircurex*, No. 18-cv-00067-PAB-SKC, 2019 WL 2636271,

at *2 (D. Colo. Feb. 21, 2019) (citing Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688 (3d ed. 2010)). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2688.1 (4th ed. 2020).

**A. Rule 23**

"[I]n cases involving default, certification under Rule 23 remains a procedural requirement for a class to recover damages." *Yarger*, 2020 WL 4673229, at *5 (internal quotations omitted). District courts have broad discretion in granting or denying class certification. *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso* ("*Shook II*"), 543 F.3d 597, 603 (10th Cir. 2008). "[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

A district court may certify a class action if the proposed class satisfies the prerequisites of Rule 23(a) as well as the requirements of one of the three types of classes identified in Rule 23(b). In the typical case where the plaintiff applies for class certification, plaintiff bears the burden of proving that Rule 23's requirements are satisfied. *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010) (citing *Shook v. Bd. of Cnty. Comm'rs of the Cnty. of El Paso* ("*Shook I*"), 386 F.3d 963, 968 (10th Cir. 2004)).

Rule 23(a) requires that (1) the class be so numerous that joinder is

impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the representative party are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). A class action may be sustained if these requirements are satisfied, and the class meets the requirements of one of the categories of Rule 23(b). *Id.* at 23(b).

Plaintiff seeks to certify this class under Rules 23(b)(2) and (b)(3). Docket No. 21 at 2. Rule 23(b)(2) states that a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) certification imposes two independent but related requirements: defendant's actions or inaction must be based on ground generally applicable to all class members, and the injunctive relief must be appropriate for the class as a whole. *Shook II,* 543 F.3d at 604. Rule 23(b)(3) states that a class action may be maintained if

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

The Court will first consider whether plaintiff has proposed an ascertainable class with regards to certification under Rule 23(b)(3). "Although not specifically mentioned in

the rule, an essential prerequisite to an action under Rule 23 is that there must be a class." *Edwards v. Zenimax Media Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL 4378219, at *4 (D. Colo. Sept. 25, 2012) (quotations omitted); *see also Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013) (noting that "[c]lass ascertainability is an essential prerequisite of a class action, at least with respect to actions under Rule 23(b)(3)" (quotations omitted)). "An identifiable class exists if its members can be ascertained by reference to objective criteria." *Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 397 (D. Colo. 2014). "A class is sufficiently defined if it is 'administratively feasible for the court to determine whether a particular individual is a member.'" *Edwards*, 2012 WL 4378219, at *4 (citing *Davoll v. Webb*, 160 F.R.D. 142, 143 (D. Colo. 1995)). The rigorous analysis required by Rule 23 applies equally to ascertainability. *Carrera*, 727 F.3d at 306. "A plaintiff may not merely propose a method of ascertaining a class without any evidentiary support that the method will be successful." *Id.* "A class is sufficiently defined if it is administratively feasible for the court to determine whether a particular individual is a member. Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual factual inquiry." *Warnick v. Dish Network, LLC*, 301 F.R.D. 551, 556 (D. Colo. 2014) (internal quotations and citations omitted).

> Although the identity of individual class members need not be ascertained before class certification, the membership of the class must be ascertainable. Because individual class members must receive the best notice practicable and have an opportunity to opt out, and because individual damage claims are likely, Rule 23(b)(3) actions require a class definition that will permit identification of individual class members, while Rule 23(b)(1) or (b)(2) actions may not.

Manual for Complex Litigation (Fourth), § 21.222 (2004). Plaintiff does not supply any evidence of how plaintiff would identify the other class members given the default by defendants. *See generally* Docket No. 21. While defendants should not be rewarded for failing to appear, if there is no way for plaintiff to identify the class members then the class cannot be ascertainable. *See Donaca*, 303 F.R.D. at 396 (holding that a class was not ascertainable because, "despite his counsel's best efforts, plaintiff has been unable to identify any individual or phone number that received a telemarketing call from those platforms or dealers on those dates other than [the named plaintiff] himself. Apparently any records that could have identified such persons or calls have been lost or destroyed."). "[T]o satisfy ascertainability as it relates to proof of class membership, the plaintiff must demonstrate his purported method for ascertaining class members is reliable and administratively feasible, and permits a defendant to challenge the evidence used to prove class membership." *Carrera*, 727 F.3d at 308. Plaintiff has not supplied a reliable and administratively feasible method for ascertaining class members. Therefore, the Court will deny plaintiff's motion to certify with regard to Rule 23(b)(3) without prejudice. Because the issue of ascertainability matters less for a Rule 23(b)(2) class, *see Carrera*, 727 F.3d at 306, the Court will consider whether the class should be certified under Rule 23(b)(2).

**B. Numerosity**

Rule 23(a)(1) requires that the class membership be sufficiently large to warrant a class action because the alternative of joinder is impracticable. Fed. R. Civ. P. 23(a)(1). Some courts have held that numerosity may be presumed at a certain

number; however, the Tenth Circuit has never adopted a minimum presumption. *Trevizo v. Adams*, 455 F.3d 1155, 162 (10th Cir. 2006) (upholding district court ruling that a group of eighty-four class members was insufficient to warrant class certification). The complaint alleges that defendants faxed the same unsolicited fax to 40 other recipients without receiving permission, Docket No. 1 at 5, ¶ 24, and that plaintiff believes the class members to be in the thousands. *Id.* at 6, ¶ 37. Because the Court must deem the well-pleaded facts of the complaint as admitted, *see Shaw*, 2019 WL 2636271, at *2, this is sufficient to satisfy the numerosity requirement.

**C. Commonality**

Rule 23(a) requires a district court to ensure that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Factual differences in the claims of the individual class members should not result in the denial of class certification where common questions of law exist. Commonality requires that the plaintiff demonstrate that the class members have "suffered the same injury" such that the claims of the class are based on a common contention and that the determination of the truth or falsity of this contention "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Even a single common question will satisfy commonality. *Id.* at 359. "What matters to class certification . . . is not the raising of common 'questions' – even in droves – but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* at 350 (citation omitted).

Plaintiff argues that commonality is met because plaintiff and the class raise a

number of common questions and the litigation "will answer for everyone whether the faxes were unlawful." Docket No. 21 at 6-7. Plaintiff defines the proposed class as

> [a]ll persons who (1) on or after November 6, 2015, (2) were sent, by [d]efendants or on [d]efendants' behalf, (3) a telephone facsimile message substantially similar to Exhibit A, (4) from whom [d]efendants claim they obtained prior express permission or invitation to send those faxes in the same manner as [d]efendants claim they obtained prior express consent to fax the [p]laintiff.

Docket No. 21 at 2. Because consent is an affirmative defense, it raises the possibility of "mini-trials" to determine whether each plaintiff consented to receive the faxes. *See Tech Instrumentation, Inc. v. Eurton Electric Co., Inc.*, No. 16-cv-02981-MSK-KMT, 2018 WL 3382914, at *2 (D. Colo. May 29, 2018).

> Most courts, however, have certified TCPA classes notwithstanding this consent issue, finding that affirmative defenses like consent rarely preclude class certification, that (the absence of) consent is often common across the whole class because the typical TCPA cases involve communications that were part of a mass campaign, or that the class definition can simply exclude those who had given prior consent.

7 William B. Rubenstein, *Newberg on Class Actions* ("*Newberg*"), § 21:8. Because the issues of whether the faxes were advertisements, who sent them, whether there was an opt-out notice that complied with the TCPA, the damages the class is entitled to, and whether defendants acted wilfully are questions common to the class and unaffected by the issue of consent, the Court finds that commonality is met. *See Tech Instrumentation*, 2018 WL 3382914, at *2.

**D. Typicality**

Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The

typicality requirement ensures that the absent class members are adequately represented by the lead plaintiff such that the interests of the class will be fairly and adequately protected in their absence. *Falcon*, 457 U.S. at 157 n.13. Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). "[I]t is well-established that a proposed class representative is not typical under Rule 23(a)(3) if the representative is subject to a unique defense that is likely to become a major focus of the litigation." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 599 (3d Cir. 2012) (internal quotations omitted).

Typicality "limit[s] the class claims to those fairly encompassed by the named plaintiff's claims," *Gen. Tel. Co. of the N.W., Inc. v. E.E.O.C.*, 446 U.S. 318, 330 (1980), which allows self-interested litigation by the named plaintiffs to necessarily advance the interests of the class as a whole. *Newberg*, § 3:29. Plaintiff seeks to certify a class of people who received the same or a substantially similar fax and "from whom [d]efendants claim they obtained prior express permission or invitation to send those faxes in the same manner" as defendants' claim about plaintiff. Docket No. 21 at 2. Defendants are alleged to have acted against plaintiff and the proposed class in the same manner. To the extent concerns about consent determinations are applicable to typicality, the Court concludes that the claims are sufficiently typical of the class because the proposed class consists of only those members from whom defendants claimed to have obtained prior permission in the same way defendants claimed to

obtain prior permission from plaintiff. *Id.* Therefore, the Court finds that typicality is met.

**E. Adequacy of Representation**

Rule 23(a)(4) requires that the class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). As the Supreme Court has noted, the "adequacy-of-representation requirement tends to merge with the commonality and typicality criteria of Rule 23(a), which serve as guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) (internal quotations omitted). As such, the "inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Id.* at 625. To be an adequate class representative, the "representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id*. at 625-26.

The Tenth Circuit has identified two questions relevant to the adequacy of representation inquiry: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002) (citation omitted). Adequate representation depends on, among other factors, an absence of antagonism between the representatives and absentees, and a sharing of interest between representatives

and absentees. *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 985 (9th Cir. 2011).

The Court has identified no conflict between plaintiff and the putative class, and plaintiff's counsel has extensive experience litigating TCPA class actions such as this one. *See generally* Docket No. 21-1. Plaintiff and his counsel have continued to litigate this case despite the failure of defendants to appear, and the Court finds that plaintiff is an adequate representative of the putative class.

**F. Rule 23(b)(2)**

As noted earlier, Rule 23(b)(2) certification imposes two independent but related requirements: defendant's actions or inaction must be based on grounds generally applicable to all class members and the injunctive relief must be appropriate for the class as a whole. *Shook II,* 543 F.3d at 604. "The rule therefore authorizes an inquiry into the relationship between the class, its injuries, and the relief sought, and we have interpreted the rule to require that a class must be 'amenable to uniform group remedies.'" *Id.* (quoting *Shook I*, 386 F.3d at 973). Rule 23(b)(2) requires that a single injunction provides relief to each member of the class. *Wal-Mart*, 564 U.S. at 360. The Tenth Circuit has described two requirements of Rule 23(b)(2):

> [T]he class must be sufficiently cohesive that any classwide injunctive relief can satisfy the limitations of Federal Rule Civil Procedure 65(d) – namely, the requirement that it state its terms specifically; and describe in reasonable detail the act or acts restrained or required . . . . Second, [a] class action may not be certified under Rule 23(b)(2) if relief specifically tailored to each class member would be necessary to correct the allegedly wrongful conduct of the defendant.

*Shook II*, 543 F.3d at 604 (internal citations and quotations omitted). The facts deemed admitted show that defendants sent unsolicited faxes to thousands of people with

whom it has no prior business dealings or consent. Docket No. 1 at 3, ¶¶ 8-10; 6, ¶ 37. The complaint includes a prayer for relief "enjoining [d]efendants from sending further faxes to [p]laintiff and the [c]lass without first obtaining prior express invitation or permission or that fail to contain appropriate opt out language, and otherwise protecting the interests of the [c]lass." Docket No. 1 at 14, ¶ 3.

The Court must consider whether class certification is necessary. *See Kan. Health Care Ass'n, Inc. v. Kan. Dept. of Social and Rehab. Servs.,* 31 F.3d 1536, 1548 (10th Cir. 1994) ("This court has 'recognized the line of authority indicating that a class certification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs.'") (citing *Everhart v. Bowen,* 853 F.2d 1532, 1538-39 n.6 (10th Cir. 1988), *rev'd on other grounds*, 494 U.S. 83 (1990)). In *Kan. Health Care Ass'n,* 31 F.3d at 1548, the Tenth Circuit held that where an injunction invalidated a state Medicaid reimbursement plan, it affected the interests of all potential class members and formal class certification was unnecessary. In this case, certification is necessary because there is no assurance that an injunction against defendants preventing them from faxing Wendell Stone Company would prevent defendants from sending unsolicited faxes to other companies or persons.

While the injunctive relief sought is quite close to an impermissible injunction to obey the law, *see Monreal v. Potter,* 367 F.3d 1224, 1236 (10th Cir. 2004) (injunctions simply requiring defendant to obey the law and prohibiting defendant from violating it are impermissible), 47 U.S.C. § 227(b)(3) creates a private right of action to bring an action to enjoin a violation of the TCPA. 47 U.S.C. § 227(b)(3)(A). Section 227(b)(3)

speaks of actions in state court, but the Supreme Court has held that the TCPA's permissive grant of jurisdiction to state courts does not deprive federal courts of federal question jurisdiction over private TCPA suits. *Mims v. Arrow Fin. Servs. LLC*, 565 U.S. 368, 387 (2012). The Court finds that the class is sufficiently cohesive for a classwide injunctive relief and tailoring to each class member is unnecessary. *See Shook II*, 543 F.3d at 604. Accordingly, the Court finds that certification under Rule 23(b)(2) is appropriate.

**G. Hybrid Class**

Plaintiff brings suit for both injunctive and monetary relief. Docket No. 1 at 14. A hybrid class action can refer to a single case where a plaintiff seeks both injunctive and monetary damages through certification under more than one section of Rule 23. *Newberg*, § 4:38. The TCPA provides for injunctive relief and damages of actual loss or $500 per violation, whichever is greater, and permits the Court to triple the damages if the violation was wilful or knowing. 47 U.S.C. § 227(b)(3). In *Monreal v. Potter*, the Tenth Circuit declined to rule on the possibility of hybrid certification "whereby the liability stage might be certified for class treatment under Rule 23(b)(2) even if the damages stage does not qualify for such treatment." 367 F.3d at 1237 n.12 ("We do not need to rule on a hybrid possibility because in the instant case, the liability stage does not satisfy either Rules 23(b)(2) or 23(b)(3)."). In *Wal-Mart*, the Supreme Court held that money damages are largely unavailable in Rule 23(b)(2) class actions. 564 U.S. at 360 ("Our [prior] opinion . . . expressed serious doubt about whether claims for monetary relief may be certified under [23(b)(2)]. We now hold that they may not, at

least where (as here) the monetary relief is not incidental to the injunctive or declaratory relief."). After *Wal-Mart*, some courts have permitted hybrid classes "by certifying a 23(b)(2) class for the injunctive portion of the case and a 23(b)(3) class for the damages portion." *Morrison v. Clear Mgmt. Sols.*, 2019 WL 122905, at *5 (D. Utah Jan. 7, 2019) (citing *Buchanan v. Tata Consultancy Servs., Ltd*., 2017 WL 6611653, at *23 (N.D. Cal. Dec. 27, 2017)). Because plaintiff does not urge the Court to certify a "hybrid" class, the Court declines to do so.

## III. CLASS COUNSEL

When certifying a class, a Court "must appoint class counsel." Fed. R. Civ. P. 23(g). In appointing class counsel, the Court must consider:

> (A)(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class; [and] (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]

Fed. R. Civ. P. 23(g)(1). Plaintiff's attorneys – Patrick Peluso and Taylor Smith of Woodrow & Peluso, LLC – request to be appointed class counsel. Docket No. 21 at 12. Plaintiff's attorneys have sufficient experience handling TCPA class actions, *see generally* Docket No. 21-1, and their knowledge of applicable law, as exhibited in the case up to this point, weighs in favor of their appointment. Similarly, counsel have demonstrated that they have the resources to commit to the litigation and have continued to prosecute the matter despite defendants' default. Therefore, the Court finds that it is appropriate to appoint plaintiff's counsel as class counsel.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Class Certification [Docket No. 21] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that the class is certified under Fed. R. Civ. P. 23(b)(2). It is further

**ORDERED** that the class is defined as follows:

> All persons who (1) on or after November 6, 2015, (2) were sent, by Defendants or on Defendants' behalf, (3) a telephone facsimile message substantially similar to Exhibit A,[1] (4) from whom Defendants claim they obtained prior express permission or invitation to send those faxes in the same manner as Defendants claim they obtained prior express consent to fax the Plaintiff. The class excludes: (1) any judge or magistrate judge presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

It is further

**ORDERED** that plaintiff's attorneys are appointed class counsel. It is further

---

[1] Exhibit A, as referred to in the class definition, is attached to this order as Exhibit A.

**ORDERED** that plaintiff shall have 30 days from the entry of this order to file any amended motion for class certification under Fed. R. Civ. P. 23(b)(3).

DATED March 17, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge