# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03157-PAB-STV

WENDELL H. STONE COMPANY, INC., individually and on behalf of all others similarly situated,

    Plaintiff,

v.

FIVE STAR ADVERTISING, LLC, and
JOHNNY LEE,

    Defendants.

## DECLARATION OF TAYLOR T. SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I, Taylor T. Smith, declare as follows:

1. I am an attorney with the law firm Woodrow & Peluso, LLC and counsel of record for Plaintiff Wendell H. Stone Company, Inc. ("Plaintiff" or "Stone").

2. On November 6, 2019, Plaintiff filed the instant action alleging wide-scale violations of the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, *et seq.* ("JFPA" or Act").

3. On December 12, 2019, Plaintiff obtained service on Five Star, via its agent for service of process (dkt. 12), as well as on Defendant Lee personally (dkt. 13), placing the Defendants' joint deadline to answer or otherwise plead on January 2, 2020.

4. To date, Defendants have failed to appear, respond, or contact Plaintiff's counsel.

5. On March 17, 2021, the Court issued an Order granting Plaintiff's motion for class certification in part and denying the motion in part. (Dkt. 23.)

1

6. On April 16, 2021, Plaintiff sought leave to conduct discovery related to class certification. (Dkt. 24.) The Court granted the motion on April 19, 2021. (Dkts. 25 & 26.)

7. On April 26, 2021, Plaintiff issued a subpoena directed to Onvoy, LLC d/b/a Inteliquent ("Onvoy"), which sought to identify the telephone service provider associated with the Defendants' fax number.

8. On June 2, 2021, Onvoy responded to the subpoena and identified NetstaffHR, Inc. ("NetstaffHR") as the telephone service provider.

9. On June 3, 2021, Plaintiff issued a subpoena directed to NetstaffHR to obtain, inter alia, the fax transmission records.

10. NetstaffHR responded to the subpoena and confirmed that it possessed an account that was connected to the subject fax number and the Defendants. Unfortunately, NetstaffHR informed Plaintiff that it no longer possesses any fax transmission records relating to the account. NetstaffHR further revealed that it does not keep records for any of its clients for anything beyond a short period of time.

***Class Counsels' Attorneys' Fees and Out of Pocket Expenses***

11. After reviewing our firm's time keeping records, as of the filing of this Motion, Class Counsel have expended the following hours[1] litigating this case:

| Attorney Name | Title | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Steven Woodrow | Partner | $490 | 4.3 | $2,107 |
| Patrick Peluso | Partner | $390 | 4.0 | $1,560 |
| Taylor Smith | Associate | $270 | 55.1 | $14,877 |
| Stephen Klein | Associate | $270 | 0.9 | $243 |

---

[1] Class Counsel's time sheets are available upon request for the Court's review.

2

| K.Davenport | Law Clerk | $100 | 11.5 | $1,150 |
|---|---|---|---|---|
| **LODESTAR** | | | **78.5** | **$19,937** |

12. Furthermore, Class Counsels' hourly rates are reasonable and have been approved by various courts. *See Gergetz v. Telenav, Inc.*, Case No. 16-cv-04261-BLF, 2018 WL 4691169, at *7 (N.D. Cal. Sept. 27, 2018) (approving 2018 rates for Steven Woodrow, Patrick Peluso, and Taylor Smith of $440, $340, and $225 respectively); *see also Couch v. Southwest Airlines Co.*, 3:15-cv-00367-N (N.D. Tex. 2016) (Couch Dkt. 43) (approving Woodrow & Peluso's 2016 rates of $430 (for Woodrow) and $330 (for Peluso)); *see also Wigod v. Wells Fargo Bank, N.A.*, Case No: 1:10-cv-2348 (N.D. Ill. 2014) (Bucklo, J.) (Wigod Dkt. 278) (approving hourly rate of $570 for attorney Woodrow in 2014); *see also Schulken v. Washington Mutual Bank*, No. 09-CV-02708-LHK (N.D. Cal.) (Schulken Dkt. 223) (Koh J.) (approving attorney Woodrow's former hourly rate of $500 in 2012).

13. Additionally, the stated hourly rate for each attorney is the same rate that is charged to hourly-paying clients.

14. In addition to the time spent litigating the case, Class Counsel incurred out-out-pocket expenses. These expenses include our filing fees, service of process cost, and various other litigation expenses. Class Counsel's expenses in this matter total $659.

15. Having reviewed the expenses, I can attest that they are necessary, reasonable, and were incurred as a result of the demands imposed by the litigation. None of the expenses were for unnecessary items. Accordingly, the Court should approve the requested expenses of $659.

I declare under penalty of perjury under the laws of the United States of America that the

3

foregoing is true and correct. Executed on November 12, 2021, in Denver, Colorado.

By:    */s/ Taylor T. Smith*

        Taylor T. Smith (admitted *pro hac vice*)
        tsmith@woodrowpeluso.com
        **WOODROW & PELUSO, LLC**
        3900 East Mexico Avenue, Suite 300
        Denver, Colorado 80210
        Telephone: (720) 907-7628
        Facsimile: (303) 927-0809