IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03157-PAB-STV

WENDELL H. STONE COMPANY, INC., individually and on behalf of all others similarly situated,

    Plaintiff,

v.

FIVE STAR ADVERTISING, LLC, and
JOHNNY LEE,

    Defendants.

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

WHEREAS, the Court has read and considered Plaintiff's Motion for Default Judgment, the Memoranda in Support, and the exhibits attached thereto ("Motion"). The Court, being fully advised in the premises, finds good cause being shown,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.    The Court finds that both Defendants Five Star Advertising, LLC ("Five Star") and Johnny Lee ("Lee", collectively with Five Star, "Defendants") were properly served, had ample opportunity to respond, and passed on the opportunity to respond to the Complaint.

2.    The Court finds that it has personal jurisdiction over the Defendants.

3.    The Court also finds that it has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.

4.    Plaintiff's Complaint contains well-pleaded factual allegations that sufficiently state a cause of action against both Defendants for violations of the Telephone Consumer

Protection Act, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, et seq. ("JFPA" or Act"), based on Defendants' pattern of sending unsolicited fax advertisements. Further, none of the exceptions to the JFPA apply.

5. The Court finds damages to be reasonable. Therefore, the Court awards Plaintiff individual damages in the sum of $1,500.

6. Further, on behalf of itself and the Class, Plaintiff has established all of the prerequisites for the issuance of a permanent injunction. First, Plaintiff has established actual success on the merits. Second, absent an injunction, Plaintiff and the Class will suffer irreparable injury. Third, there is no threat of injury to Defendants. Fourth, an injunction would further the public interest. As such, the Court issues the following injunction:

- Defendants, and their employees, agents, representatives, contractors, and affiliates acting on behalf of Defendants, shall not send or cause to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, any facsimile advertisement to either Plaintiff or any class member as defined in the Court's March 17, 2021 Order regarding class certification (dkt. 23), unless Defendants possess prior written invitation or permission from the fax recipient.

- Defendants, and their employees, agents, representatives, contractors, and affiliates acting on behalf of Defendants, shall not send or cause to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, to any telephone facsimile machine any facsimile advertisement unless it contains the following opt-out notice clearly and conspicuously placed on the first page: "You have the right to request not to receive future faxes from Five Star Advertising, LLC, by calling [insert toll-free domestic telephone number] or sending a fax to [insert toll-free domestic fax number] at any time. Your opt-out request must include the fax number(s) to which You request that no future fax advertisements should be sent. Five Star Advertising, LLC's failure to comply with a valid opt-out request within 30-days is unlawful."

- In the event that Defendant Lee sends or causes to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, any fax advertisement on behalf of any other entity, partnership, limited liability company, corporation, sole proprietorship, or any other legal structure, Lee is hereby required to include the aforementioned opt-out notice on any fax advertisements. The notice shall, however, include the correct name of any entity that is sending the

2

advertisement.

- Defendants are also enjoined from entering, forming, organizing, or reorganizing into any partnership, corporation, sole proprietorship, or any other legal structure for the purpose of avoiding compliance with the terms of the Order and Judgment in this case.

7.      Finally, the Court finds that Defendants have acted in bad faith by intentionally refusing to appear in this case and litigate in good faith. As such, the Court Orders Defendants to pay Plaintiff's and the Class's attorneys' fees and costs in the sum of $19,937 and $659 respectively.

8.      For the reasons set forth above, the Court grants Plaintiff's motion for default judgment.

**IT IS SO ORDERED.**

Philip A. Brimmer
United States District Judge