IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03157-PAB-STV

WENDELL H. STONE COMPANY, INC, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

FIVE STAR ADVERTISING, LLC, and
JOHNNY LEE,

    Defendants.

## DEFAULT JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 55(b), the following Judgment is hereby entered.

Pursuant to the Order [Docket No. 33] of Chief Judge Philip A. Brimmer, entered on September 7, 2022, it is

ORDERED that Plaintiff's Motion for Default Judgment [Docket No. 32] is GRANTED in part and DENIED in part. It is further

ORDERED that default judgment shall enter in favor of plaintiff and against defendants on plaintiff's claim for a violation of 47 U.S.C. § 227. It is further

ORDERED that the following permanent injunction is entered:

1. Defendants, and their employees, agents, representatives, contractors, and affiliates acting on behalf of Defendants, shall not send or cause to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, any facsimile advertisement to either Plaintiff or any class member as defined in the Court's March 17, 2021 Order regarding class certification [Docket No. 23], unless Defendants possess a prior invitation or permission from the fax recipient.

2. Defendants, and their employees, agents, representatives, contractors, and affiliates acting on behalf of Defendants, shall not send or cause to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, to any telephone facsimile machine any unsolicited facsimile advertisement unless it contains the following opt-out notice clearly and conspicuously placed on the first page: "You have the right to request not to receive future faxes from Five Star Advertising, LLC, by calling [insert toll-free domestic telephone number] or sending a fax to [insert toll-free domestic fax number] at any time. Your opt-out request must include the fax number(s) to which You request that no future fax advertisements should be sent. Five Star Advertising, LLC's failure to comply with a valid opt-out request within 30-days is unlawful."

3. In the event that Defendant Lee sends or causes to be sent, directly or indirectly, by any telephone facsimile machine, computer or other electronic device, any unsolicited fax advertisement on behalf of any other entity, partnership, limited liability company, corporation, sole proprietorship, or any other legal structure, Lee is hereby required to include the aforementioned opt-out notice on any unsolicited fax advertisements. The notice shall, however, include the correct name of any entity that is sending the advertisement.

4. Defendants are also enjoined from entering, forming, organizing, or reorganizing into any partnership, corporation, sole proprietorship, or any other legal structure for the purpose of avoiding compliance with the terms of the Order and Judgment in this case.

It is further

ORDERED that plaintiff is awarded $500 in statutory damages.  It is further

ORDERED that post-judgment interest shall accrue at the current rate of 3.48% as calculated, pursuant to 28 U.S.C. § 1961, from the date of entry of judgment.  It is further

ORDERED that plaintiff shall have its costs upon a filing of a bill of costs pursuant to D.C.COLO.LCivR 54.1.  It is further

ORDERED that this case is closed.

DATED: September 7, 2022.

FOR THE COURT:

Jeffrey P. Colwell, Clerk

By s/ S. Grimm
   Deputy Clerk